K2I9GOLP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

                v.                          18 CR 693 (RMB)

HARALD JOACHIM VON DER GOLTZ,

                Defendant.

------------------------------x

                                            New York, N.Y.
                                            February 18, 2020
                                            11:25 a.m.

Before:

                    HON. BARBARA C. MOSES

                                            Magistrate Judge

                              APPEARANCES

GEOFFREY S. BERMAN
     United States Attorney for the
     Southern District of New York
EUN YOUNG CHOI
NATHAN M. REHN II
     Assistant United States Attorneys

U.S. DEPARTMENT OF JUSTICE CRIMINAL DIVISION
MICHAEL PARKER
PARKER REID TOBIN, I

QUINN EMMANUEL URQUHART & SULLIVAN
     Attorney for Defendant
DANIEL R. KOFFMANN


ALSO PRESENT:  QUOC TUAN NGUYEN, Special Agent IRS – CI

K2I9GOLP

| | |
|---|---|
| 1 | (Case called) |
| 2 | MS. CHOI:  Good morning, your Honor. |
| 3 | Eun Choi and Thane Rehn on behalf of the government. |
| 4 | With us at counsel table are Michael Parker and Parker Tobin of |
| 5 | the Department of Justice Money Laundering and Asset Recovery |
| 6 | Section, as well as Special Agent Quoc Tuan Nguyen of the IRS |
| 7 | CI. |
| 8 | THE COURT:  Ms. Choi, gentlemen, welcome. |
| 9 | MR. KOFFMANN:  Good morning, your Honor.  Daniel |
| 10 | Koffmann from Quinn Emanuel on behalf of Mr. von der Goltz, who |
| 11 | is with me at counsel table. |
| 12 | THE COURT:  Counsel, Mr. von der Goltz, you don't need |
| 13 | to rise.  I am Magistrate Judge Moses.  For the record, are you |
| 14 | able to speak and understand English? |
| 15 | MR. KOFFMANN:  I'm sorry, your Honor, if you could |
| 16 | just say that again a little bit louder. |
| 17 | THE COURT:  There is no need to stand up. |
| 18 | Can you speak and understand English? |
| 19 | THE DEFENDANT:  Yes, your Honor. |
| 20 | THE COURT:  Thank you, sir. |
| 21 | Counsel, I understand we are here for a change of |
| 22 | plea.  I am told that your client, having previously pleaded |
| 23 | not guilty, now wishes to plead guilty to several counts, all |
| 24 | of the counts against him in the indictment; is that correct? |
| 25 | MR. KOFFMANN:  That's correct, your Honor. |

K2I9GOLP

1          THE COURT:  Let us begin with this form.

2          Mr. von der Goltz, this is a form entitled consent to

3    proceed before a United States magistrate judge on a felony

4    plea allocution.  It looks like your signature.  Did you sign

5    this paper?

6          THE DEFENDANT:  Yes, your Honor.

7          THE COURT:  What this form says is that you know you

8    have the right to have your plea taken by a United States

9    district judge but you are agreeing to have your plea taken by

10   a United States magistrate judge which is what I am.

11         As a magistrate judge, I have the authority to take

12   your plea with your consent and you are entitled to all of the

13   same rights and protections as if you were before a district

14   judge.  If you are found guilty, you will be sentenced by the

15   district judge assigned to your case.

16         Did you sign the consent form voluntarily?

17         THE DEFENDANT:  Yes, your Honor.

18         THE COURT:  Before you signed it, did your lawyer

19   explain it to you?

20         THE DEFENDANT:  Yes, your Honor.

21         THE COURT:  Do you wish to proceed with your plea in

22   my courtroom this morning?

23         MR. KOFFMANN:  I'm sorry, your Honor, if you could

24   just repeat that.

25         THE COURT:  Do you wish to proceed with your plea

K2I9GOLP

 1   before me in my courtroom this morning?

 2              THE DEFENDANT:  Yes, your Honor.

 3              THE COURT:  All right.  Counsel could you just get the

 4   microphone a little closer to your client so that we can all

 5   hear.

 6              Mr. von der Goltz, I have been informed that you wish

 7   to change your plea and to enter a plea of guilty to Counts One

 8   through Nine of your indictment; is that correct?

 9              THE DEFENDANT:  Yes, your Honor.

10              THE COURT:  Before deciding whether to accept a guilty

11   plea from you, I need to ask you a series of questions.  It's

12   important that you answer the questions honestly and

13   completely.  The purpose of the questions is to make sure that

14   you understand your rights, to make sure that you are pleading

15   guilty of your own free will, and to make sure that you are

16   pleading guilty because you are guilty and not for some other

17   reason.

18              Do you understand what I am saying?

19              THE DEFENDANT:  Yes, your Honor.

20              THE COURT:  Can you hear me well enough?

21              THE DEFENDANT:  Not very well but I'm trying because

22   my hearing aid is not perfect but I can hear most of what

23   you're saying.

24              THE COURT:  If you don't understand or can't hear any

25   of my questions, please speak up.  It is important that you

K2I9GOLP

1   understand each question before you answer it.  Will you do

2   that?

3             THE DEFENDANT:  Yes, your Honor, I will do that.

4             THE COURT:  And if you need to consult with your

5   lawyer, please speak up as well and I will give you the time

6   you need to talk with your lawyer.

7             Will you do that?

8             THE DEFENDANT:  Yes, your Honor, I will do that.

9             THE COURT:  I will ask the courtroom deputy to swear

10  the defendant.  Raise your right hand, please.

11            (Defendant sworn)

12            THE COURT:  Mr. von der Goltz, you are now under oath.

13  Do you understand that?

14            THE DEFENDANT:  Yes, your Honor.

15            THE COURT:  If you answer any of my questions

16  intentionally falsely, you may be prosecuted for perjury based

17  on those false answers.

18            Do you understand that?

19            THE DEFENDANT:  Yes, your Honor.

20            THE COURT:  I am now signing and accepting your

21  consent to proceed before me.

22            And your first question, sir, is what is your full

23  name?

24            BOTTOM2:  Harald Joachim von der Goltz.

25            THE COURT:  Thank you.

K2I9GOLP

1              How old are you?

2              THE DEFENDANT:  Excuse me?

3              THE COURT:  How old are you?

4              THE DEFENDANT:  I'm 82 years old.

5              THE COURT:  Are you a citizen of the United States?

6              THE DEFENDANT:  No, I'm not.

7              THE COURT:  What country are you a citizen of?

8              THE DEFENDANT:  I'm a citizen of Guatemala and

9    Germany.

10             THE COURT:  Guatemala and Germany?

11             THE DEFENDANT:  Yes, your Honor.

12             THE COURT:  What is the highest educational degree

13   that you received?

14             THE DEFENDANT:  Excuse me.  The degree that I got in

15   college?

16             THE COURT:  How far did you go in school?

17             (Counsel and defendant confer)

18             THE DEFENDANT:  I got -- I got a Master of Science at

19   Massachusetts Institute of Technology.  Sorry.  A Bachelor of

20   Science, Bachelor of Science at Massachusetts Institute of

21   Technology.

22             THE COURT:  Thank you, sir.

23             English is not your first language, correct?

24             THE DEFENDANT:  No, it's not.

25             THE COURT:  But I take it that since you graduated

K2I9GOLP

1   college at MIT you can read and write in English.

2              THE DEFENDANT:  Yes, your Honor.  Of course.

3              THE COURT:  Thank you, sir.

4              Are you currently or have you recently been under the

5   care of a doctor, a psychiatrist, or a psychologist?

6              THE DEFENDANT:  Under a doctor care, yes, your Honor.

7              THE COURT:  I don't need to know detail about your

8   medical condition but I do need to ask you this.  Do you have

9   any condition that affects your ability to see?

10             THE DEFENDANT:  Do I have any conditions that?

11             THE COURT:  That affects your ability to see, your

12  vision.

13             THE DEFENDANT:  No.  No, your Honor.

14             THE COURT:  Your vision is all right?

15             THE DEFENDANT:  My eyes are good.  Yes.

16             THE COURT:  You have some difficulty with your

17  hearing, correct?

18             THE DEFENDANT:  Yes, your Honor, I do have.

19             THE COURT:  And do you wear hearing aids for that?

20             THE DEFENDANT:  Yes, your Honor, I do.

21             THE COURT:  Do you have any condition that affects

22  your ability to think or to understand or to make judgments or

23  decisions on your own behalf?

24             THE DEFENDANT:  No, your Honor.

25             THE COURT:  Within the last 24 hours have you taken

K2I9GOLP

1    any drugs, medicine, or pills that affect your mental

2    processes?

3              THE DEFENDANT:  No, your Honor.

4              THE COURT:  In the past 24 hours have you consumed any

5    alcohol?

6              THE DEFENDANT:  One glass of wine last night, your

7    Honor.

8              THE COURT:  That was yesterday evening?

9              THE DEFENDANT:  Yes, your Honor.

10             THE COURT:  All right.  Is your mind clear now?

11             THE DEFENDANT:  Yes, your Honor.

12             THE COURT:  Do you understand what is happening in

13   this proceeding?

14             THE DEFENDANT:  Excuse me?

15             THE COURT:  Do you understand what is happening in

16   this proceeding?

17             THE DEFENDANT:  Yes, your Honor.

18             THE COURT:  Does either counsel have any objections to

19   the defendant's competence to plead?

20             MS. CHOI:  None from the government your Honor.

21             MR. KOFFMANN:  No, your Honor.

22             THE COURT:  Thank you.

23             Mr. von der Goltz, I have here a copy of the

24   superseding indictment in your case, that is to say the

25   document containing the legal charges against you.  Have you

K2I9GOLP

1    read it?

2            THE DEFENDANT:  Yes, your Honor.

3            THE COURT:  Do you want me to read it to you?

4            THE DEFENDANT:  No, your Honor.

5            THE COURT:  Do you understand what it says you did?

6            (Counsel and defendant confer)

7            THE DEFENDANT:  Yes, your Honor.

8            THE COURT:  Have you had time to talk with your

9    attorney about the charges and about how you wish to plead?

10           THE DEFENDANT:  Yes, your Honor.

11           THE COURT:  Has your attorney explained the

12   consequences of pleading guilty?

13           THE DEFENDANT:  Yes, your Honor.

14           THE COURT:  Are you satisfied so far with your

15   attorney's representation of you?

16           THE DEFENDANT:  Yes, your Honor.

17           THE COURT:  What I'm going to do next is explain

18   certain constitutional rights that you have but that you will

19   be giving up if you enter a guilty plea.  So, again, please

20   listen carefully to what I'm about to say and if you can't hear

21   me or if you don't understand, stop me and either your attorney

22   or I will try to make sure that you do understand.

23           Are you ready?

24           THE DEFENDANT:  Yes, your Honor.  I'm ready.

25           THE COURT:  Under the Constitution and laws of the

K2I9GOLP

1  United States you have a right to plead not guilty to all of

2  the charges against you in the indictment.

3          Do you understand that?

4          THE DEFENDANT:  Yes, your Honor.

5          THE COURT:  If you plead not guilty, you will be

6  entitled, under the Constitution and laws of the United States,

7  to a speedy and public trial by a jury of those charges.

8          At trial you would be presumed innocent.  The

9  government would be required to prove you guilty beyond a

10  reasonable doubt before you could be found guilty.  You could

11  not be found guilty unless a jury of twelve people agreed

12  unanimously that you are guilty beyond a reasonable doubt.

13          Do you understand that?

14          THE DEFENDANT:  Yes, your Honor.

15          THE COURT:  If you decided to go to trial, then at

16  that trial and at every stage of the case you would have the

17  right to be represented by an attorney.  If you could not

18  afford one, an attorney would be appointed to represent you at

19  the government's expense.  Even though you have retained

20  private defense counsel, if you were to run out of money an

21  attorney would be appointed for you at that time to continue to

22  represent you.  You are entitled to an attorney all the way

23  through trial and not just for a guilty plea.  So your decision

24  to plead guilty should not depend on whether you can or cannot

25  afford to hire or retain a private attorney.

K2I9GOLP

1          Do you understand that?

2          THE DEFENDANT:  Yes, your Honor.

3          THE COURT:  During trial the witnesses for the

4   prosecution would have to come to court and testify in your

5   presence where you could see them and hear them and your lawyer

6   could cross-examine them.  If you wanted, your lawyer could

7   offer evidence on your behalf as well.  Your lawyer would be

8   able to use the court's power, known as subpoena power, to

9   compel witnesses to come to court to testify even if they did

10  not want to come.

11         Do you understand that?

12         THE DEFENDANT:  Yes, your Honor.

13         THE COURT:  At trial, you would have the right to

14  testify in your own defense if you wished.  You would also have

15  the right not to testify.  If you chose not to testify, that

16  could not be used against you in any way.  No inference or

17  suggestion of guilt would be permitted from the fact that you

18  chose not to testify.

19         Do you understand that?

20         THE DEFENDANT:  Yes, your Honor.

21         THE COURT:  If you are convicted at trial, you would

22  have the right to appeal that verdict to a higher court.

23         Do you understand that?

24         THE DEFENDANT:  Yes, your Honor.

25         THE COURT:  As I said before, you have the right to

K2I9GOLP

1   plead not guilty.

2          Even today, although you came to court for the purpose

3   of entering a guilty plea, you have the right to change your

4   mind, to persist in your not guilty plea, and to go to trial.

5   But if you do plead guilty and if the court accepts your plea,

6   you will give up the right to a trial and the other rights that

7   go with it that I just described.

8          If you plead guilty, there will be no trial.  All that

9   will remain to be done will be to impose a sentence.  You and

10  the government will have a chance to make arguments about what

11  that sentence should be.  But there will not be any trial to

12  determine whether you are guilty or not guilty of the charges

13  to which you have pled guilty.

14         Do you understand that?

15         THE DEFENDANT:  Yes, your Honor.

16         THE COURT:  Do you also understand that the decision

17  as to the appropriate sentence in your case will be entirely up

18  to the sentencing judge?

19         THE DEFENDANT:  Yes, your Honor.

20         THE COURT:  Not me, not the prosecutors, but the

21  United States district judge who will sentence you.  That judge

22  will be limited only by what the law requires.  This means that

23  even if you are surprised or disappointed by your sentence you

24  will still be bound by your guilty plea.

25         Do you understand that?

K2I9GOLP

1    THE DEFENDANT:  Yes, your Honor.

2    THE COURT:  Finally, if you do plead guilty you will

3    be giving up the right not to incriminate yourself.  I will ask

4    you questions today about what you did in order to satisfy

5    myself that you are actually guilty.  So by pleading guilty you

6    will be admitting your factual as well as your legal guilt.

7    Do you understand that?

8    THE DEFENDANT:  Yes, your Honor.

9    THE COURT:  Taking a look at the indictment in your

10   case, I see that Count One charges you with conspiracy to

11   commit tax evasion in violation of 18 U.S.C. Section 371.

12   Count Two charges you with wire fraud in violation of

13   18 U.S.C. Sections 1343 and 2.

14   Count Three charges you with a money laundering

15   conspiracy in violation of 18 U.S.C. Section 1956(h).

16   Counts Four, Five, Six and Seven all charge you with a

17   willful failure to file FBARs; that is, to file reports of

18   foreign bank and financial accounts, during different years, in

19   violation of 31 U.S.C. Sections 5314 and 5322(a) and in

20   violation of 31 C.F.R., Sections 1010.350, 1010.306(c) and (d),

21   and 1010.840(b) as well as 18 U.S.C. Section 2.

22   Finally, Counts Eight and Nine charge you with making

23   false statements in violation of 18 U.S.C. Sections 1001(a)(2)

24   and 2.

25   I will now ask Ms. Choi, the Assistant United States

K2I9GOLP

 1   Attorney, to state the elements of those charges.

 2          The elements, sir, are the things that the government

 3   would have to prove beyond a reasonable doubt if the charges

 4   against you went to trial.

 5          Ms. Choi.

 6          MS. CHOI:  Your Honor, Count One charges the defendant

 7   with participating in a conspiracy to attempt to evade and

 8   defeat a substantial part of the income taxes due and owing by

 9   von der Goltz during 2000 to 2016.

10          The elements are as follows:  First, the existence of

11   a conspiracy charged; that is, there was an agreement between

12   two or more persons to violate a law of the United States, in

13   this case attempt to commit tax evasion; second, that the

14   defendant intentionally and knowingly became a member of the

15   conspiracy; third, that any of the coconspirators knowingly

16   committed or caused to be committed at least one overt act in

17   furtherance of the conspiracy.

18          And with regard to the elements of the substantive

19   crime, that is the object of that conspiracy, there are three

20   elements.  First, that the taxpayer at issue, the defendant,

21   von der Goltz had substantial tax due and owing; second that

22   the defendant committed an affirmative act constituting an

23   evasion or attempted evasion of an assessment of a tax; third,

24   that in evading or attempting to evade assessment of taxes due

25   and owing for the years in question the defendant acted

15

K2I9GOLP

1    knowingly and willfully.

2         Count Two charges the defendant with wire fraud for

3    which there are three elements.  First, that there was a scheme

4    or an artifice to defraud or to obtain money or property by

5    materially false and fraudulent pretenses, representations or

6    promises; second, that the defendant knowingly and willfully

7    devised or participated in that scheme or artifice to defraud

8    with knowledge of its fraudulent nature and with a specific

9    intent to defraud; and third, that interstate or international

10   wire communications were used in execution of the scheme.

11        Count Three is a money laundering conspiracy which

12   has -- which has the same elements as is set forth in Count One

13   except that there is no need for the government to prove an

14   overt act in regard to this money laundering conspiracy.

15        The object of the conspiracy is money laundering which

16   has two elements.  First, that the defendant transported,

17   transmitted or transferred or attempted to transport, transmit

18   or transfer a monetary instrument or funds from a place in the

19   United States to or through a place outside the United States

20   or to a place in the United States from or through a place

21   outside of the United States; and second, that the defendant

22   did so with the intent to promote the carrying out of a

23   specified unlawful activity, which in this case is the wire

24   fraud set forth in Count Two.

25        Counts Four through Seven charge the defendant with

K2I9GOLP

1    failing to file a report of foreign bank and financial

2    accounts, also known as an FBAR, with the Department of

3    Treasury for certain years over which -- during which the

4    defendant is alleged to have had signature or other authority

5    with respect to foreign bank accounts.  In particular, Counts

6    Four and Five discuss calendar years 2012 and 2013 with regard

7    to von der Goltz's authority over bank accounts held at a

8    Panamanian bank and a Swiss bank.  And Counts Six and Seven

9    allege for the calendar years 2014 and 2015 that von der Goltz

10   failed to report his authority over bank accounts held in a

11   Panamanian bank.

12           There are four elements to that crime.  First, that

13   the defendant was a United States person during the years

14   specified in the count, to wit, Mr. von der Goltz was a United

15   States legal permanent resident from approximately 1984 through

16   October of 2017; second, that von der Goltz had a financial

17   interest in or signature or other authority over a bank,

18   securities or other financial account in a foreign country

19   during the pertinent time; third, the aggregate value of

20   von der Goltz's foreign bank accounts exceeded $10,000 during

21   each of the respective calendar years; and fourth, the

22   defendant von der Goltz willingly failed to file an FBAR on or

23   before June 30 of the year following any of the calendar years

24   identified in those particular counts.

25           Counts Eight and Nine charge von der Goltz with making

K2I9GOLP

materially false statements to the executive branch of the

government of the United States, specifically department of

justice, in violation of Title 18 United States Code Section

1001.

There are four elements to this crime.  First, that on

or about the dates set forth in the indictment for Counts Eight

and Nine von der Goltz made a statement or representation;

second, that the statement or representation made by

von der Goltz was false, fictitious or fraudulent; third, that

the statement or representation was material; and fourth, that

Mr. von der Goltz acted knowingly and willfully.  Sorry.  There

is one more element.  Fifth, that the falsification was with

respect to a matter within the jurisdiction of the executive

branch of the government of the United States.  Specifically,

there was an open investigation involving the department of

justice and other branches of the executive branch of the

government of the United States for which -- and with regard to

which Mr. von der Goltz made false statements to the

government.

And finally we would have to prove with a

preponderance of the evidence venue as to each of those counts.

THE COURT:  Thank you, Ms. Choi.

Mr. von der Goltz, next I'm going to tell you the

maximum possible penalty for the crimes charged in the

indictment.  The maximum means the most that could possibly be

K2I9GOLP

1    imposed.  This does not mean that it is necessarily what you

2    will receive.  However, by pleading guilty you are exposing

3    yourself to the possibility of receiving a punishment or

4    combination of punishments up to the maximum that I am about to

5    describe.

6            Do you understand that?

7            (Counsel and defendant confer)

8            THE DEFENDANT:  Yes, your Honor.

9            THE COURT:  The maximum term of imprisonment for the

10   crime charged in Count One, that's conspiracy to commit tax

11   evasion, the maximum term of imprisonment for that crime is

12   five years, five years in prison, which could be followed by up

13   to three years of supervised release.

14           If your sentence includes supervised release it means

15   you will be subject to supervision by the probation department

16   after your release from prison.  If that happens and if you

17   violate any condition of that supervised release the court

18   could revoke the term of supervised release previously imposed

19   and return you to prison without giving you credit for time

20   served on postrelease supervision.  In addition to these

21   restrictions on your liberty, the maximum possible penalty for

22   the crime charged in Count One includes a financial penalty; in

23   this case, $250,000 or twice the profits of the criminal

24   activity or twice what someone other than yourself lost because

25   of the criminal activity, whichever is greater.

K2I9GOLP

1          I am also required by law to tell you that there is an

2     additional special assessment, an extra fine of one hundred

3     dollars which is required to be imposed on each count of

4     conviction.

5          Moving to Count Two, which charges you with wire

6     fraud, I advise you that Count Two carries a maximum term of

7     imprisonment of 20 years, which could be followed by a maximum

8     term of three years on supervised release and a maximum fine,

9     again, of $250,000 or twice the profits of the criminal

10    activity or twice what someone other than yourself lost because

11    of the criminal activity, whichever is greater, and a one

12    hundred dollar mandatory special assessment.

13         Count Three which charges you with a money laundering

14    conspiracy, carries a maximum term of imprisonment of 20 years,

15    a maximum term of postrelease supervision of three years, a

16    maximum fine in this case of five hundred thousand dollars or

17    twice the value of the property involved in the transaction and

18    a one hundred dollar mandatory special assessment.

19         Counts Four, Five, Six and Seven which charge you with

20    willful failure to file FBARs each carry a maximum term of five

21    years in prison, which could be followed by supervised release

22    of up to three years, a maximum fine of $250,000 or twice the

23    profits of the criminal activity or twice what someone other

24    than yourself lost because of the criminal activity, whichever

25    is greater.

K2I9GOLP

1          Counts Eight and Nine, which charge you with making

2      false statements, each carry a maximum term of imprisonment of

3      five years, a maximum term of supervised release of three

4      years, and a maximum fine of $250,000 or twice the profits of

5      the criminal activity or twice what someone other than yourself

6      lost because of the criminal activity, whichever is greater and

7      a one hundred dollar mandatory special assessment.

8          In addition, by pleading guilty you will admit to the

9      forfeiture allegations contained in the indictment and agree to

10     forfeit any property within the scope of 18 U.S.C. Sections

11     981(a)(1)(B) and 982(a)(1), as well as 28 U.S.C. Section 2461.

12         Mr. von der Goltz, if the prison terms on these

13     charges were to run consecutively you would face a potential

14     aggregate prison sentence of up to 75 years.

15         Do you understand that?

16         THE DEFENDANT:  Yes, your Honor.

17         THE COURT:  Because you are not a citizen of the

18     United States I am required to advise you that your guilty plea

19     will likely have adverse consequences for your ability to

20     remain in or return to the United States including removal,

21     deportation, denial of citizenship and denial of admission to

22     the United States in the future.

23         Do you understand that your removal or deportation may

24     be mandatory?

25         THE DEFENDANT:  Yes, your Honor.

K2I9GOLP

1        THE COURT:  And if that does happen you will still be

2   bound by your guilty plea; that is, you will not be able to

3   withdraw it regardless of any advice you have received from

4   your counsel or from anyone else regarding the immigration

5   consequences of your plea.

6        Do you understand that?

7        THE DEFENDANT:  Yes, your Honor.

8        THE COURT:  Mr. von der Goltz, has anyone threatened

9   you or coerced you in any way to get you to plead guilty?

10        THE DEFENDANT:  No, your Honor.

11        THE COURT:  Has anyone promised you anything or

12   offered you anything to get you to plead guilty?

13        THE DEFENDANT:  No, your Honor.

14        THE COURT:  Mr. Snell.

15        My deputy is handing to me a letter written to your

16   lawyer from the government dated February 6, 2020 in which the

17   prosecutors explain how they believe that a part of our law

18   known as the sentencing guidelines will apply to your case.

19   And I see on page 5 of the letter that the government believes

20   that your guidelines range is between 151 and 181 months in

21   prison; that is, the government believes that the guidelines

22   would provide for a sentence in that range.

23        In addition, after determining your ability to pay,

24   the government believes that the guidelines would call for a

25   fine in the range of $35,000 to $350,000.

K2I9GOLP

1          Have you read the letter, Mr. von der Goltz?

2          THE DEFENDANT:  Yes, your Honor, I have.

3          THE COURT:  Do you understand what it says?

4          THE DEFENDANT:  Yes, your Honor.

5          THE COURT:  Do you understand that this letter is not

6   a plea agreement?

7          THE DEFENDANT:  Yes, your Honor.

8          THE COURT:  It is simply a description of the

9   government's current position as to how the sentencing

10  guidelines should apply in your case.

11          Mr. von der Goltz, do you understand that under the

12  terms of the government's letter, the February 6 letter, even

13  if you later learn that the government withheld from your

14  counsel certain information that would have been helpful to you

15  in defending yourself at trial, you would not be able to

16  complain about that or withdraw your guilty plea on that basis?

17          THE DEFENDANT:  Yes, your Honor.

18          THE COURT:  Do you understand that the terms of the

19  February 6 letter including any calculations relating to

20  sentencing are not binding on the sentencing judge?

21          THE DEFENDANT:  Yes, your Honor.

22          THE COURT:  The sentencing judge could reject those

23  calculations and could impose a more severe sentence than you

24  expect without permitting you to withdraw your plea of guilty.

25  The sentencing judge is required to make his own independent

K2I9GOLP

1    calculation of the appropriate sentencing range under the

2    guidelines.  He will also have the discretion to give you a

3    sentence below or above that range up to the maximum sentence

4    that I told you about earlier.

5          In addition to the sentencing guidelines and possible

6    departures from the guidelines, the sentencing judge will also

7    consider the factors set forth at 18 U.S.C. Section 3553(a).

8    In other words, the sentencing judge will pronounce whatever

9    sentence he believes is the appropriate sentence for you even

10   if that sentence is different from the one set forth in the

11   February 6 letter from the government.

12         Do you understand that?

13         THE DEFENDANT:  Yes, your Honor.

14         THE COURT:  The court will also consider before

15   sentencing you a presentence report that will be prepared by

16   the probation department.  Both you and the government will

17   have an opportunity to challenge the facts set forth in that

18   report.

19         Mr. von der Goltz, do you understand that there is no

20   parole in the federal system?

21         THE DEFENDANT:  Yes, your Honor.

22         THE COURT:  If you are sentenced to prison, you will

23   not be released early on parole.

24         Before I go on, let me ask both counsel if there are

25   any additional provisions of the February 6 letter that you

1   would like me to go over with Mr. von der Goltz?

2            MS. CHOI:  Your Honor, I think we would just raise the

3   issue of restitution that would be imposed by the court.

4            THE COURT:  All right.  I've been forgetting that this

5   morning for some reason.

6            Mr. von der Goltz, we discussed the fines that could

7   be part of your sentence.  We also discussed forfeiture.  In

8   addition, the sentencing judge could impose a term of

9   restitution on you; that is, could direct you to make payments

10  to any victims of the crimes in an amount determined by the

11  court.

12            Do you understand that?

13            THE DEFENDANT:  Yes.

14            THE COURT:  All right.  Anything else, Ms. Choi?

15            MS. CHOI:  Not from the government, your Honor.

16            THE COURT:  All right.  Anything from Mr. Koffmann?

17            MR. KOFFMANN:  No, your Honor.

18            THE COURT:  All right.

19            (Counsel and defendant confer)

20            THE COURT:  Aside from what is in the -- sorry.  Do

21  you need a moment?

22            MR. KOFFMANN:  No, your Honor.

23            THE COURT:  OK.

24            Aside from what is in the February 6 letter from the

25  government, have any promises or representations been made to

K2I9GOLP

1    you to influence you to plead guilty?

2              THE DEFENDANT:  No, your Honor.

3              THE COURT:  Have any promises been made to you

4    concerning the actual sentence that you will receive?

5              THE DEFENDANT:  Excuse me.  I didn't hear.

6              THE COURT:  Have any promises been made to you as to

7    the actual sentence that you will receive?

8              THE DEFENDANT:  No, your Honor.

9              THE COURT:  You have been advised of the charges

10   against you, the possible penalties you face, and the rights

11   that you are giving up.  Is it still your intention to plead

12   guilty to Counts One through Nine of the indictment in your

13   case?

14             THE DEFENDANT:  Yes, your Honor.

15             THE COURT:  Is your plea voluntary and made of your

16   own free will?

17             THE DEFENDANT:  Yes, your Honor.

18             THE COURT:  Mr. von der Goltz, with respect to Count

19   One, how do you plead?

20             THE DEFENDANT:  Guilty.

21             THE COURT:  With respect to Count Two, how do you

22   plead?

23             THE DEFENDANT:  Guilty.

24             THE COURT:  With respect to Count Three, how do you

25   plead?

K2I9GOLP

1              THE DEFENDANT:  Guilty.

2              THE COURT:  With respect to Count Four, how do you

3     plead?

4              THE DEFENDANT:  Guilty.

5              THE COURT:  With respect to Count Five, how do you

6     plead?

7              THE DEFENDANT:  Guilty.

8              THE COURT:  With respect to Count Six, how do you

9     plead?

10             THE DEFENDANT:  Guilty.

11             THE COURT:  With respect to Count Seven, how do you

12    plead?

13             THE DEFENDANT:  Guilty.

14             THE COURT:  With respect to Count Eight, how do you

15    plead?

16             THE DEFENDANT:  Guilty.

17             THE COURT:  With respect to Count Nine, how do you

18    plead?

19             THE DEFENDANT:  Guilty.

20             THE COURT:  Can you tell me in your own words what you

21    did that makes you guilty of those crimes.

22             THE DEFENDANT:  Yes, your Honor.  I have asked my

23    attorneys to help me prepare a statement.

24             THE COURT:  That's fine.

25             THE DEFENDANT:  And with your permission I would like

K2I9GOLP

1      to read it.

2                      THE COURT:  You may.

3                      THE DEFENDANT:  All right.  Until 2017 I was a legal

4      permanent resident of the United States and subject to taxation

5      in this country.  As I understood it, that meant that I was

6      required to pay taxes both on income that I earned in my own

7      name and also on the income earned by certain investment

8      vehicles that I owned and were incorporated abroad.

9                      In order to avoid paying the tax on the investment

10     income that those foreign investment companies earned, I

11     falsely claimed that those entities did not belong to me and

12     instead belonged only to my mother who was not a U.S. person

13     and, thus, did not pay taxes in the United States.

14                     The goal was so that any income that those investment

15     companies might earn would not be taxed in the United States.

16                     In order to carry this out, I included on my personal

17     tax returns only the income earned in my own name and not any

18     income earned in the name of the investment -- foreign

19     investment companies.

20                     I chose not to report to the IRS the foreign bank

21     accounts held by those investment companies.

22                     I authorized wire transfers to and from bank accounts

23     both in the United States and abroad.

24                     And ultimately when the government began investigating

25     the law firm that assisted me in these efforts, I repeated to

K2I9GOLP

1    the government officials the falsehood that the investment

2    companies belonged solely to my mother.

3            I'm profoundly sorry for my actions and for the harm I

4    have caused not only to the United States but to the people I

5    deceived, to my friends and most of all to my wife, my

6    children, and other family members.

7            THE COURT:  Mr. von der Goltz, did you commit these

8    acts by yourself or with others?

9            THE DEFENDANT:  No.  I -- this is by myself with the

10   assistance of my attorneys.

11           THE COURT:  Did you make any agreement with your

12   attorneys or others to engage in acts that violated the laws of

13   the United States?

14           THE DEFENDANT:  No, I did not.

15           MR. KOFFMANN:  Just a moment, your Honor.

16           (Counsel and defendant confer)

17           THE DEFENDANT:  Yes, your Honor.  Sorry.  I didn't

18   understand.

19           THE COURT:  That's all right.  I'll ask the question

20   again.  Did you make any agreements with your attorneys or

21   others to engage in conduct that violated the laws of the

22   United States?

23           THE DEFENDANT:  I did not make any agreements, no.

24           THE COURT:  Well it doesn't have to be formal,

25   Mr. von der Goltz.

K2I9GOLP

1          MR. KOFFMANN:  Your Honor, if I could just have a

2     moment.

3          (Counsel and defendant confer)

4          THE DEFENDANT:  Your Honor, I'm sorry.  I didn't fully

5     understand what, you know, the question or the statement was

6     that you made so when my attorney explained it to me yes, I

7     did.  Yes, your Honor.

8          THE COURT:  Yes, you did what, sir?

9          THE DEFENDANT:  An agreement with these -- an

10    agreement with these attorneys.

11         THE COURT:  All right.  Now, you told me that you were

12    a lawful permanent resident of the United States required to

13    pay taxes on income earned by you both in your own name and

14    through your offshore investment vehicles and that you falsely

15    claimed that those offshore investment vehicles or that the

16    income of those vehicles belonged to your mother who was not a

17    U.S. person rather than yourself.  At the time you did that,

18    was there substantial tax due and owing under U.S. law?

19         THE DEFENDANT:  Yes, your Honor.  Yes.

20         THE COURT:  Ms. Choi, do you believe that there has

21    been a sufficient factual predicate for a guilty plea?

22         MS. CHOI:  Your Honor, I think there are just a few

23    minor points.

24         First with regard to Count Three, the promotional

25    money laundering element.  Although the defendant allocuted

K2I9GOLP

1    that he helped -- he authorized wire transfers to and from the

2    United States, we'd just like him to specify that those wire

3    transfers were intended to help him conceal assets in

4    furtherance of his tax evasion scheme.

5              And also with regard to Counts Four through Seven,

6    simply that the foreign bank accounts at issue that he held

7    money in exceeded ten thousand dollars during the years charged

8    in the indictment.

9              THE COURT:  That's not the tax.  That's the principal?

10             MS. CHOI:  No, your Honor.  That's the balance of

11   those particular bank accounts.  The obligation to file is if

12   the aggregate value across those foreign bank accounts exceeds

13   ten thousand dollars in that particular year.

14             THE COURT:  Anything else?

15             MS. CHOI:  Sorry, your Honor.

16             Just with regard to the false statements charges.

17   Although he stated that he made false statements, I just wanted

18   to clarify that there are two specific false statements dates

19   as alleged in the indictment.  First, the false statements

20   contained in a May 11, 2016 e-mail that his attorney sent on

21   his request to the United States Attorney's Office as well as a

22   false statement that he made in person to the Department of

23   Justice and the IRS on May 19, 2016.  Those are the bases for

24   the two separate statements.

25             And I have a factual assertion with regard to venue

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

K2I9GOLP

1    but we can --

2              THE COURT:  Let's hold off on that.

3              Mr. von der Goltz --

4              MR. KOFFMANN:  Go ahead, please.  I was just going to

5    ask for a moment to discuss with Mr. von der Goltz.

6              THE COURT:  I will give you a moment in a moment.

7              So, first, Mr. von der Goltz let me go back.  You

8    began by reading from a statement that your attorney helped you

9    prepare, correct?

10             THE DEFENDANT:  Excuse me.  I didn't hear.

11             THE COURT:  Right.  You began by reading from a

12   statement, correct?

13             THE DEFENDANT:  Yes, your Honor.

14             THE COURT:  And your attorney helped you prepare that?

15             THE DEFENDANT:  I'm what?

16             THE COURT:  Did your lawyer help you with that

17   statement?

18             THE DEFENDANT:  They helped me prepare it, yes, your

19   Honor.

20             THE COURT:  Do you adopt those words as your own?

21             THE DEFENDANT:  Yes, your Honor.

22             THE COURT:  Is everything that you told me in that

23   statement true?

24             THE DEFENDANT:  Yes, your Honor.

25             THE COURT:  All right.  The prosecutor has asked that

32

K2I9GOLP

 1    I ask you a couple of additional questions which your lawyer

 2    heard so he knows more or less what they are going to be so I'm

 3    going to give him an opportunity to consult with you before I

 4    put those questions to you.

 5            MR. KOFFMANN:  Thank you, your Honor.

 6            (Counsel and defendant confer)

 7            MR. KOFFMANN:  Thank you, your Honor.

 8            THE DEFENDANT:  Sorry, your Honor, I didn't understand

 9    but my attorney explained it to me and I would respond yes to

10    all three.

11            THE COURT:  Well I need to ask the questions first.

12    Are you ready?

13            THE DEFENDANT:  Yes.

14            THE COURT:  You told me that you sent and received

15    wire transfers to bank accounts in the United States.  For what

16    purpose?

17            THE DEFENDANT:  The wire transfers were for

18    investments in different companies and partnerships.  That's

19    what the purpose of those wire transfers were.

20            THE COURT:  Did you send those wire transfers or

21    receive those wire transfers to and from U.S. banks for any

22    unlawful purpose?

23            THE DEFENDANT:  They were for an unlawful purpose?

24            THE COURT:  That's my question.

25            THE DEFENDANT:  They were for investment purposes.  In

K2I9GOLP

1  other words, the wire transfers that were requested were to

2  invest in different investment opportunities.  That's what they

3  were requested for.

4          THE COURT:  Including investments that you unlawfully

5  failed to report for tax purposes to the United States

6  government?

7          THE DEFENDANT:  Yes.

8          THE COURT:  We spoke earlier about the FBARs.  You

9  know what an FBAR is, correct?

10          THE DEFENDANT:  Yes.

11          THE COURT:  And you told me -- I think you told me --

12  well maybe I should ask you the question.  Did you fail to file

13  FBARs with respect to certain foreign bank accounts as to which

14  you were required to file FBARs?

15          THE DEFENDANT:  Yes, your Honor.

16          THE COURT:  And was the aggregate balance in those

17  accounts over ten thousand dollars?

18          THE DEFENDANT:  Yes, your Honor.

19          THE COURT:  Do you want me to ask year by year,

20  Ms. Choi.

21          MS. CHOI:  No, your Honor.  That's fine.

22          THE COURT:  All right.  And Mr. von der Goltz, you

23  told me that you made false statements to representatives of

24  the United States government, that you repeated certain

25  falsehoods concerning the ownership of the accounts that were

K2I9GOLP

1  not reported.  Can you tell me the dates on which you made

2  those false statements, either directly or indirectly, to the

3  government?

4          THE DEFENDANT:  I don't know the exact dates but it

5  was in I believe 2018.

6          THE COURT:  Did you, through counsel, did you have

7  your counsel send an e-mail to the government on or about

8  May 11, 2016 with false statements?

9          THE DEFENDANT:  Yes, your Honor.

10          THE COURT:  And did you personally make such false

11  statements to representatives of the Department of Justice on

12  or about May 19, 2016?

13          THE DEFENDANT:  Yes, your Honor.

14          THE COURT:  Thank you, Mr. von der Goltz.

15          Anything else, Ms. Choi?

16          MS. CHOI:  No, your Honor.

17          THE COURT:  Mr. von der Goltz, on the basis of your

18  responses to my questions and my observations of your demeanor,

19  I find that you are competent to enter a guilty plea.  I am

20  satisfied that you understand your rights, including your right

21  to go to trial; that you are aware of the consequences of your

22  plea, including the sentence that could be imposed; and that

23  you are voluntarily pleading guilty.  I also conclude that you

24  have admitted that you are guilty as charged in Counts One

25  through Nine of the indictment and for these reasons I will

K2I9GOLP

1     recommend that the district judge accept your plea.

2             Ms. Choi is this Judge Berman's case?

3             MS. CHOI:  It is, your Honor.  And, I'm sorry, I

4     should have reminded the court with regard to venue.  The

5     government's happy to give a factual stipulation as to venue

6     but if the defense simply waives venue we could leave it at

7     that.

8             THE COURT:  Waive venue, counsel?

9             MR. KOFFMANN:  Yes, your Honor.  We do waive venue.

10            THE COURT:  All right.  So I will ask the government

11    to order a copy of the transcript and submit it to Judge Berman

12    together with any additional paperwork that he will need to act

13    on the recommendation.

14            Has he set a sentencing date?

15            MS. CHOI:  He has not, your Honor, but the -- but

16    Judge Berman's chambers had indicated that they would like the

17    defendant to appear before him on February 24 at 9:30 a.m.

18            THE COURT:  To set a sentencing date?

19            MS. CHOI:  Yes, your Honor.  Judge Berman requires

20    defendants who plead guilty in magistrate court to appear

21    before him so if he has any questions he could ask them of the

22    defendant directly.

23            THE COURT:  That's fine.  We think of this as a part

24    of the United States District Court not as, quote, magistrate

25    court for your future reference.

K2I9GOLP

1        MS. CHOI:  Understood, your Honor.

2        THE COURT:  So you will appear before Judge Berman on

3   February 24, Mr. von der Goltz, and he may have additional

4   questions for you at that time.  I will direct that a

5   presentence report be prepared.

6        Ms. Choi, can you deliver the case summary to the

7   probation department within 14 days?

8        MS. CHOI:  Yes, your Honor.

9        THE COURT:  And Mr. Koffmann can you and your client

10   be available for interview by the probation department within

11   14 days?

12        MR. KOFFMANN:  Yes, your Honor.

13        THE COURT:  All right.  The defendant is on bail,

14   correct?

15        MS. CHOI:  Yes, your Honor.

16        THE COURT:  Any objections to continuing the present

17   bail term?

18        MS. CHOI:  None from the government.

19        THE COURT:  Mr. von der Goltz, all of the conditions

20   on which you have been released up until now continue to apply.

21   As I am sure you understand, a violation of those conditions

22   would have serious consequences including revocation of bail

23   and prosecution for bail jumping.

24        Do you understand that?

25        THE DEFENDANT:  Yes, your Honor.

K2I9GOLP

1              THE COURT:  Anything further from the government?

2              MS. CHOI:  No.  Thank you, your Honor.

3              THE COURT:  From defense?

4              MR. KOFFMANN:  No, your Honor.

5              THE DEFENDANT:  Thank you, ladies and gentlemen.

6              (Adjourned)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25