```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -  x
                                     :
UNITED STATES OF AMERICA             :
                                     :   CONSENT PRELIMINARY ORDER
           - v. -                    :   OF FORFEITURE AS TO
                                     :   SPECIFIC PROPERTIES/
HARALD JOACHIM VON DER GOLTZ,        :   MONEY JUDGMENT
    a/k/a "H.J. von der Goltz,"      :
    a/k/a "Johan von der Goltz,"     :   S6 18 Cr. 693 (RMB)
    a/k/a "Jochen von der Goltz,"    :
    a/k/a "Tica,"                    :
    a/k/a "Tika,"                    :
                                     :
                    Defendant.       :
- - - - - - - - - - - - - - - - - -  x
```

WHEREAS, on or about December 5, 2019, HARALD JOACHIM VON DER GOLTZ, a/k/a "H.J. von der Goltz," a/k/a "Johan von der Goltz," a/k/a "Jochen von der Goltz," a/k/a "Tica," a/k/a "Tika," (the "defendant"), and another, was charged in nine counts of a ten-count Superseding Indictment, S6 18 Cr. 693 (RMB) (the "Indictment"), with conspiracy to commit tax evasion, in violation of Title 18, United States Code, Section 371 (Count One); wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Two); money laundering conspiracy, in violation of Title 18, United States Code, Section 1956(h) (Count Three); willful failure to file an FBAR, in violation of Title 31, United States Code, Sections 5314 and 5322(a); Title 31, Code of Federal Regulations, Sections 1010.350, 1010.306(c, d), and 1010.840(b); Title 18, United States Code, Section 2 (Counts Four through Seven); and false statements, in violation of Title 18, United States Code, Sections 1001(a)(2) and 2 (Counts Eight and Nine);

WHEREAS, the Indictment included a forfeiture allegation as to Count Two of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, of all property, real and personal, which constitutes or is derived from proceeds traceable to the commission of the offense charged in Count Two of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Two of the Indictment;

WHEREAS, the Indictment included a forfeiture allegation as to Count Three of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of all property, real and personal, involved in the offense charged in Count Three of the Indictment or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in the offense charged in Count Three of the Indictment; in the offense charged in Count Three of the Indictment;

WHEREAS, the Indictment also included a substitute asset provision providing notice that if as a result of the defendant's actions or omission forfeitable property is unable to be located or obtained, the United States would seek, pursuant to Title 18,

United States Code, Section 981 and 982; Title 21, United States Code, Section 853; and Title 28, United States Code, Section 2461 the forfeiture of any other property of the defendant;

WHEREAS, on or about February 18, 2020, the defendant pled guilty to Counts One through Nine of the Indictment;

WHEREAS, on or about May 27, 2020, the defendant entered into a sentencing agreement with the Government, wherein the defendant admitted the forfeiture allegation with respect to Counts Two and Three of the Indictment and agreed to forfeit, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1) and Title 28, United States Code, Section 2461(c): (i) a sum of money equal to $5,373,609 in United States currency, representing proceeds traceable to the commission of the offense charged in Count Two of the Indictment and the amount of property involved in Count Three of the Indictment; and (ii) all right, title, and interest of the defendant in the following specific properties representing property, real and personal, involved in the offense charged in Count Three of the Indictment and property traceable to such property:

    a) any and all funds formerly on deposit in First Republic Bank accounts held in the name of EMJO Investments Limited, any and all assets held in investment accounts by Brooke Private Equity Associates, and any funds

        currently or previously administered by or associated with Brooke Private Equity Associates in the name of EMJO Investments Limited;

b) any and all funds formerly on deposit in Credit Suisse bank accounts in the name of Union Properties, Inc.;

c) any and all interest held by Revack Holdings Foundation and any entity in which Revack Holdings Foundation has an ownership interest, including Erika Investment Management Limited, EMJO Investments Limited, Worldwide Investment Services and Holdings, Union Properties, Inc., Brecknock Inc., and Goldbean Inc., in Boston Capital Ventures III LP, Boston Capital Ventures IV LP, Peninsula Investments Group II LP, BPEA Cayman Fund 2, and CoreCo1 LP, including any claim for future distributions; and

d) the residence or apartment, located at Prinzregentenstrasse 153, Wohnung 7. Stock, Nr. 173, 81677, München, Germany;

(a through d, collectively, the "Specific Properties")

        WHEREAS, the defendant consents to the entry of a money judgment in the amount of $5,373,609 in United States currency representing the amount of proceeds traceable to the offense

charged in Count Two of the Indictment that the defendant personally obtained;

WHEREAS, the defendant further consents to the forfeiture of all his right, title and interest in the Specific Properties which constitute property involved in the offense charged in Count Three of the Indictment;

WHEREAS, the defendant admits that, as a result of acts and/or omissions of the defendant, the proceeds traceable to the offense charged in Count Two of the Indictment that the defendant personally obtained and the property involved in Count Three of the Indictment cannot be located upon the exercise of due diligence, with the exception of the Specific Property;

WHEREAS, the defendant consents to the forfeiture of all his right, title and interest in the Specific Properties;

WHEREAS, the defendant agrees to make a payment in the amount of $545,893 in United States currency to the United States in partial satisfaction of the Money Judgment on or before the date of sentencing (the "Payment"), in lieu of the forfeiture to the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c) of: (1) the funds currently or formerly on deposit in a Degroof Petercam SA bank account in the name of Immobiliera Lux SA; and (2) $440,000 of the value of that lot or parcel of land, together

with its building, appurtenances, improvements, fixtures, attachments, and easements, located at 590 Charles River Street, Needham, Massachusetts, 02492 (collectively, the "Substitute Assets"); and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Geoffrey S. Berman, United States Attorney, Assistant United States Attorneys, THANE REHN and EUN YOUNG CHOI of counsel, and the defendant, and his counsel, WILLIAM BURCK, Esq., that:

1. As a result of the offenses charged in Count Two and Three of the Indictment, to which the defendant pled guilty, a money judgment in the amount of $5,373,609 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count Two of the Indictment that the defendant personally obtained and the amount

of property involved in the offense charged in Count Three of the Indictment, shall be entered against the defendant.

2. As a result of the offense charged in Count Three of the Indictment, to which the defendant pled guilty, all of the defendant's right, title and interest in the Specific Properties is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment is final as to the defendant, HARALD JOACHIM VON DER GOLTZ, and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

4. The defendant shall make the Payment to the Government by sentencing of the defendant and the Government agrees to accept the Payment and forfeiture of the Specific Properties in full satisfaction of the Money Judgment upon entry of a Final Order of Forfeiture as to the Specific Properties.

5. Upon receipt of the Payment, the Government agrees that it will take no further action to forfeit the Substitute Assets.

6. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Department of Treasury, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the defendant's name and case number.

7. The United States Department of Treasury is authorized to deposit the payments on the Money Judgment in the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

8. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Properties and to hold such properties in its secure custody and control.

9. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices

that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the defendant, claiming interest in the Specific Properties must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

    10. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Properties, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

    11. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

12. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Properties, pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Properties forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment. If the Payment is made on or before the date of sentencing, the Government agrees to accept the Payment as full satisfaction of the Money Judgment upon the entry of a Final Order of Forfeiture as to the full amount of the Specific Properties.

13. If for any reason the Payment is not made as of the date of sentencing, then pursuant to 21 U.S.C. § 853(p), the United States is authorized to seek forfeiture of the Substitute Assets and other substitute assets of the defendant up to the uncollected amount of the Money Judgment.

14. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

15. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific

Properties/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

16. The Clerk of the Court shall forward three certified copies of this Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment to Assistant United States Attorney Alexander J. Wilson, Co-Chief of the Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

[THE REMAINDER OF THIS PAGE HAS BEEN LEFT BLANK INTENTIONALLY]

17. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: _____   05/27/2020
    THANE REHN/EUN YOUNG CHOI          DATE
    Assistant United States Attorneys
    One St. Andrew's Plaza
    New York, NY 10007
    (212)637-2354/2187


HARALD JOACHIM VON DER GOLTZ


By: _____   _____
    HARALD JOACHIM VON DER GOLTZ         DATE


By: _____   _____
    WILLIAM BURCK, ESQ.                  DATE
    Attorney for Defendant
    51 Madison Avenue, 22nd Floor
    New York, NY 10010


SO ORDERED:

_____   _____
HONORABLE RICHARD M. BERMAN              DATE
UNITED STATES DISTRICT JUDGE

17. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: _____    _____
    THANE REHN/EUN YOUNG CHOI            DATE
    Assistant United States Attorneys
    One St. Andrew's Plaza
    New York, NY 10007
    (212)637-2354/2187

HARALD JOACHIM VON DER GOLTZ

By: *[signed] H.J.v.d.G.*                 May 27, 2020
    HARALD JOACHIM VON DER GOLTZ          DATE

By: *[signed]* / Daniel Koffmann          5/27/20
    WILLIAM BURCK, ESQ.                   DATE
    Attorney for Defendant
    51 Madison Avenue, 22nd Floor
    New York, NY 10010

SO ORDERED:

*[signed] Richard M. Berman*              6/2/2020
HONORABLE RICHARD M. BERMAN               DATE
UNITED STATES DISTRICT JUDGE