

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 18, 2020

**BY ECF**

The Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      **Re:**    *United States v. Harald Joachim von der Goltz*, 18 Cr. 693 (RMB)

Dear Judge Berman:

      The Government respectfully submits this letter in opposition to the letter motion filed by defendant Harald Joachim von der Goltz ("von der Goltz" or the "defendant") seeking to adjourn his surrender date. (Dkt. 262). Von der Goltz argues that the COVID-19 pandemic and his health conditions have worsened since he was sentenced, and requests an adjournment of 60 days prior to surrendering. Von der Goltz's motion should be denied. The Court considered both the COVID-19 pandemic and the defendant's health conditions in detail at the time of sentencing, and the defendant has not identified a sufficient change in circumstances to reconsider the Court's determination regarding the appropriate surrender date. Notably, as the parties and the Court anticipated, the Bureau of Prisons ("BOP") has designated von der Goltz to Federal Medical Center Devens ("FMC Devens"), which is a medical facility that is equipped to deal with inmates with complex medical conditions and the need for specialized care.

      Von der Goltz's primary argument is that the COVID-19 pandemic has significantly worsened since he was sentenced on September 21. To be sure, there has been a substantial increase in COVID-19 cases over the past two months, both nationally and in the state of Massachusetts. However, a general increase in COVID-19 cases is not in itself a reason to postpone the beginning of von der Goltz's prison sentence. Rather, the most relevant factor for the Court to consider is the circumstances within the designated facility. There are currently zero active COVID-19 cases among inmates at FMC Devens, and five cases among staff. On November 18, 2020, the Government conferred with a BOP attorney at FMC Devens, who

Hon Richard M. Berman
November 18, 2020
Page 2

explained that the facility is taking a number of steps to prevent community spread among the inmate population. Prison staff are screened for temperature and symptoms when they arrive at work, and are turned away if they are exhibiting any symptoms. If any staff member tests positive, the prison engages in contact tracing of both staff and inmates, and administers COVID-19 tests to any inmates who had contact with the staff member. Medical staff may also quarantine individual inmates or an entire unit, depending on the circumstances. Given these precautions, and the lack of any active cases among inmates at FMC Devens at this time, the circumstances do not warrant an adjournment of the surrender date.

Von der Goltz also argues that his medical conditions have worsened since the sentencing date, but his argument largely amounts to an attempt to relitigate medical issues that were argued at length at the time of sentencing and considered in detail by the Court. The Court was well aware of von der Goltz's medical issues and cited them as one of the primary reasons that it imposed a substantially below-Guidelines sentence. The defendant's motion to adjourn the sentencing date does not identify any significant change in circumstances since September 21. The defendant argues that a recent echocardiogram revealed mitral regurgitation and left atrial enlargement. (Dkt. 262 at 5-6). However, the medical report attached to the motion merely states that the mitral regurgitation and atrial enlargement were not present on the defendant's previous scan, which took place in August of 2005. (Dkt. 262-1, at 14). As the Court is aware, the defendant experienced a heart attack in 2018, which led to a one-week hospital stay. (PSR ¶ 103). It is thus no surprise that his echocardiogram reveals conditions that were not present in 2005, and this does not indicate that there has been a worsening of his condition since sentencing. The defendant also claims that he is experiencing a "new case" of atrial fibrillation (Dkt. 262 at 5), but his medical records show that he was initially diagnosed with atrial fibrillation in 2007, and that his atrial fibrillation rate is currently "controlled." (Dkt. 262-1 at 2, 7). This is not a new diagnosis that warrants reconsideration of the Court's judgment. Moreover, the defendant does not provide any evidence or medical opinion stating that his heart conditions cannot be monitored and treated within a prison facility. According to the BOP, FMC Devens provides all specialty areas of medicine through a combination of in-house staff and community-based consultant specialists.

Hon Richard M. Berman
November 18, 2020
Page 3


       For all the above reasons, the Government respectfully requests that the Court deny the defendant's motion.


                      Respectfully submitted,

                      AUDREY STRAUSS
                      Acting United States Attorney

By:         _____
                      Eun Young Choi / Thane Rehn
                      Assistant United States Attorneys
                      Southern District of New York
                      (212) 637-2187/2354


                      DEBORAH CONNOR
                      Chief, Money Laundering and Asset
                      Recovery Section, Criminal Division

By:         Michael Parker
                      Trial Attorney
                      Criminal Division
                      (202) 514-0421