UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                              :
UNITED STATES OF AMERICA                                      :    STIPULATION AND ORDER
                                                              :
   -v.-                                                       :    S6 18 Cr. 693 (RMB)
                                                              :
HARALD JOACHIM VON DER GOLTZ,                                 :
   a/k/a "H.J. von der Goltz,"                                 :
   a/k/a "Johan von der Goltz,"
   a/k/a "Jochen von der Goltz,"                               :
   a/k/a "Tica,"
   a/k/a "Tika,"                                               :

                      Defendant.                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        WHEREAS, on or about December 5, 2019, defendant HARALD JOACHIM VON DER GOLTZ, a/k/a "H.J. von der Goltz," a/k/a "Johan von der Goltz," a/k/a "Jochen von der Goltz," a/k/a "Tica," a/k/a "Tika," (the "Defendant"), and another, was charged in nine counts of a ten-count Superseding Indictment, S6 18 Cr. 693 (RMB) (the "Indictment") with conspiracy to commit tax evasion, in violation of Title 18, United States Code, Section 371 (Count One); wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Two); money laundering conspiracy, in violation of Title 18, United States Code, Section 1956(h) (Count Three); willful failure to file an FBAR, in violation of Title 31, United States Code, Sections 5314 and 5322(a); Title 31, Code of Federal Regulations, Sections 1010.350, 1010.306 (c, d), and 1010.840 (b); Title 18, United States Code, Section 2 (Counts Four through Seven); and false statements, in violation of Title 18, United States Code, Sections 1001(a)(2) and 2 (Counts Eight and Nine);

        WHEREAS, the Indictment included a forfeiture allegation as to Count Two, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, of all property, real and personal,

that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count Two of the Indictment;

WHEREAS, the Indictment included a forfeiture allegation as to Count Three, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of all property, real and personal, involved in the offense charged in Count Three of the Indictment or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in the offense charged in Count Three of the Indictment;

WHEREAS, on or about February 18, 2020, the Defendant pled guilty to Counts One through Nine of the Indictment;

WHEREAS, on or about May 27, 2020, the Defendant entered into a sentencing agreement with the Government, wherein the Defendant admitted to the forfeiture allegation with respect to Counts Two and Three of the Indictment and agreed to forfeit, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1) and Title 28, United States Code, Section 2461(c): (i) a sum of money equal to $5,373,609 in United States currency, representing the proceeds traceable to the commission of the offense charged in Count Two of the Indictment and the amount of property involved in Count Three of the Indictment; and (ii) all right, title, and interest of the Defendant in, *inter alia*, the following property:

> a) any and all interest held by Revack Holdings Foundation and any entity in which Revack Holdings Foundation has an ownership interest, including Erika Investment Management Limited, EMJO Investments Limited, Worldwide Investment Services and Holdings, Union Properties, Inc., Brecknock, Inc., and Goldbean Inc., in Boston Capital Ventures III LP, Boston Capital Ventures IV LP ("Boston Capital Ventures IV"), Peninsula Investments Group II LP, BPEA Cayman Fund 2, and CoreCo1 LP, including any claim for future distributions;

WHEREAS, Fairchild Holdings Corporation filed a letter asserting a claim of a 2.42945% ownership interest in Boston Capital Ventures IV (the "Ownership Interest");

WHEREAS, in or about March 2021, Boston Capital Ventures IV and Boston Capital Ventures V turned over $1,182,900.31 in United States currency to the Government representing the entire amount of funds then held by the investment funds (the "Subject Property"); and

WHEREAS, the Government and Fairchild Holdings Corporation, in order to avoid litigation, have determined to resolve its claims in the Subject Property on the terms and conditions set forth below.

NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED AND ORDERED, by and between Audrey Strauss, United States Attorney for the Southern District of New York, by and through Assistant United States Attorney Thane Rehn, and Fairchild Holdings Corporation, by Victor Jaramillo, Esq., that:

1. The Government acknowledges Fairchild Holding Corporation's Ownership Interest is superior to the Government's interest.

2. Upon entry of this Stipulation and Order, the Department of Treasury (the "Treasury") and/or its designee shall remit $3,662.17 representing the value of the Ownership Interest to Fairchild Holdings Corporation in a manner consistent with the Treasury's Automated Clearing House ("ACH") Form to be completed by Fairchild Holdings Corporation through its attorney, Victor Jaramillo.

3. Upon entry of this Stipulation and Order, Fairchild Holdings Corporation

3

agrees to not contest the forfeiture of the remaining Subject Property and is barred from asserting any claim objecting to the entry of a final order of forfeiture for the remaining Subject Property.

4. Fairchild Holdings Corporation is hereby barred from asserting any claim against the United States of America ("USA"), the Department of Justice ("DOJ"), the U.S. Attorney's Office for the Southern District of New York ("SDNY-USAO"), the Treasury, the Internal Revenue Service ("IRS"), or any agents and employees of the USA, the DOJ, the SDNY-USAO, the Treasury, and the IRS, as well as local and state agents, officers or employees, past and present, in connection with or arising out of the seizure, restraint, and/or constructive possession of the Subject Property, including but not limited to, any claim that there was no probably cause to freeze, seize and/or forfeit Subject Property or that Fairchild Holdings Corporation is entitled to attorney's fees or any award of interest.

5. Fairchild Holdings Corporation hereby agrees to waive all rights to appeal or otherwise contest the validity of this Stipulation and Order.

6. The terms of this Stipulation and Order shall be subject to approval by the Court. Violation of any terms or conditions herein shall be construed as a violation of an Order of the Court.

7. Each party signing this Stipulation and Order warrants that they are authorized to sign this Stipulation and Order on behalf of the party for whom their signature appears.

8. Each party shall bear its own costs and attorney's fees.

9. This Stipulation and Order constitutes the complete agreement between the parties hereto on the matters raised herein. No other statement, promise or agreement, either

written or oral, made by any part of agents or of agents or of any party that is not contained in this written Stipulation and Order shall be enforceable and this Stipulation and Order may not be amended except by written consent thereof.

        10. This Stipulation and Order may be executed in counterparts, each of which shall be deemed an original, and all of which, when taken together, shall be deemed the complete Stipulation and Order. Signature pages may be faxed, scanned or emailed, and such signatures shall be treated as originals.

Agreed and consented to:

AUDREY STRAUSS  
United States Attorney for the  
Southern District of New York

By: _/s/ Thane Rehn_      09/14/2021  
    Thane Rehn                                  DATE  
    Assistant United States Attorney  
    One Saint Andrew's Plaza  
    New York, NY 10007  
    212-637-2354

Fairchild Holdings Corporation

By: _____      _____  
    Victor Jaramillo, Esq.                       DATE

SO ORDERED:

_____      _____  
HONORABLE RICHARD M. BERMAN           DATE  
UNITED STATES DISTRICT JUDGE

5

written or oral, made by any part of agents or of agents or of any party that is not contained in this written Stipulation and Order shall be enforceable and this Stipulation and Order may not be amended except by written consent thereof.

10. This Stipulation and Order may be executed in counterparts, each of which shall be deemed an original, and all of which, when taken together, shall be deemed the complete Stipulation and Order. Signature pages may be faxed, scanned or emailed, and such signatures shall be treated as originals.

Agreed and consented to:

AUDREY STRAUSS
United States Attorney for the
Southern District of New York

By: _____  DATE
Thane Rehn
Assistant United States Attorney
One Saint Andrew's Plaza
New York, NY 10007
212-637-2354

Fairchild Holdings Corporation

By: _____  8/31/21
Victor Jaramillo, Esq.  DATE

SO ORDERED:

_____  9/27/21
HONORABLE RICHARD M. BERMAN  DATE
UNITED STATES DISTRICT JUDGE

5